| | |
|---|---|
| JAMES D. CHAMPION, JR.,<br><br>**Plaintiff**<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE,<br><br>**Defendant** | COMPLAINT |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq.* ("NCPPCA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

2. Venue is proper in this District because the acts and transactions occurred in Mecklenburg County, North Carolina, Plaintiff resides in Mecklenburg County, North Carolina, and Defendant and its agents transact business in Mecklenburg County, North Carolina.

3. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within four years of violation of state law.

## PARTIES

4. Plaintiff James D. Champion, Jr. ("Champion") is a natural person who resides in Davidson, County of Mecklenburg, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2).

6. Defendant Medical Data Systems, Inc. d/b/a Medical Revenue Service, (hereinafter "Medical Data") is a collection agency and a Florida limited liability company operating from an address of 645 Walnut St. #5, Gadsden, AL and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Medical Data is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

8. Upon information and belief, Medical Data is attempting to collect an alleged medical debt from Champion.

9. Defendant is engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means.

10. Defendant regularly attempts to collect consumer debts alleged to be due to another.

11. At all times relevant to the subject matter of this Complaint, Defendant was engaged in commerce in North Carolina.

## FACTUAL ALLEGATIONS

12. Champion incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The alleged debt in this matter is also a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3).

14. Sometime thereafter, the alleged medical debt was consigned, placed or otherwise transferred to Medical Data for collection from this Plaintiff.

15. In 2020 Plaintiff began to receive numerous telephone calls from Medical Data's agents in attempts to collect a debt.

16. Medical Data placed multiple automated calls to Plaintiff's cellular telephone for several months prior to the filing of this action often leaving voicemails when it called.

17. These telephone calls were "communications" in an attempt to collect a debt as defined at 15 U.S.C. 1692a(2).

18. In no verbal communication with Champion did any agent of Medical Data inform him that they were attempting to collect a debt and that any information obtained would be used for that purpose.

19. On October 20, 2020 Champion's attorney contacted Medical Data in writing and continued to correspond with Medical Data regarding resolution of the alleged debt.

20. On November 16, 2020 a representative of Medical Data named Lena called Plaintiff and left a voicemail on his cellular phone.

21. This telephone call was to a represented party in violation of state and federal law.

22. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e(11), and 1692f, amongst others and were violations of North Carolina law.

# FIRST CAUSE OF ACTION

## Violations Of The Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant in placing an excessive number of telephone calls to Plaintiff's cellular phone and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of the FDCPA at 15 U.S.C. § 1692d and § 1692d(5).

25. Defendant in failing to disclose to Plaintiff in all verbal communications that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose has violated the FDCPA at 15 U.S.C. § 1692e(11).

26. Defendant in placing an excessive number of telephone calls to Plaintiff's cellular phone and leaving a voicemail on most calls, has used unfair or unconscionable means to collect or attempt to collect a debt in violation of the FDCPA at 15 U.S.C. § 1692f.

27. Defendant in calling a person represented by an attorney when it knew he was represented by an attorney has engaged in unconscionable conduct in violation of the FDCPA at 15 U.S.C. § 1692c(a)(2) and § 1692f.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to this Plaintiff.

29. The actions of Defendant and its agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, and mental anguish.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## SECOND CAUSE OF ACTION

**Violations of the North Carolina Prohibited Practices by Collection Agencies Statute
N.C. Gen. Stat. §58-70-90,** *et. seq.*

31. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

32. Defendant in placing an excessive number of telephone calls to Plaintiff's cellular phone or causing it to ring with unreasonable frequency and leaving a voicemail on most calls has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the attempt to collect a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-100(3).

33. Defendant in communicating with Plaintiff without disclosing that it was a debt collector attempting to collect a debt has attempted to collect a debt by fraudulent, deceptive or misleading representations and has repeatedly violated the NCPPCA at N.C. Gen. Stat. § 58-70-110(2).

34. Defendant in calling a person represented by an attorney when it knew he was represented by an attorney has engaged in unconscionable and unfair conduct in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-115(3).

35. As a result of Defendant's violations of the North Carolina Prohibited Practices by Collection Agencies Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation

pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

36. The above violations of the North Carolina Prohibited Practices by Collection Agencies Act constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. 75-1.1 and may entitle the Plaintiff to treble or punitive damages in addition to any other damages suffered.

37. The actions of Defendant and its agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, mental anguish, attorney fees and other expenses.

38. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and NCPPCA, including but not limited to all of the above-mentioned provisions of the FDCPA and NCPPCA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

## Summary

39. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and NCPPCA, including but not limited to all of the above mentioned provisions of the FDCPA and NCPPCA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff in the form of emotional distress and otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant and for Plaintiff;

## COUNT II

## VIOLATIONS OF THE NCPPCA

1. For an award of actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 58-70-90, *et. seq.* alleged therein;

2. For an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from the Defendant;

3. For an award of any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from the Defendant;

4. For an award of treble or punitive damages if by law allowed.

5. For a trial before a jury on all issues so triable;

6. For such other and further relief as may be just

This the 24th day of November, 2020

                                          */s/ Travis E. Collum*
                                          Travis E. Collum
                                          N.C. Bar No. 29158
                                          Collum & Perry, PLLC
                                          Post Office Box 1739
                                          Mooresville, NC 28115
                                          Telephone: (704) 663-4187
                                          Facsimile: (704) 663-4178
                                          travis@collumperry.com
                                          Attorney for Plaintiff